Lynch, J.
(dissenting). I respectfully dissent. The standards governing expungement hearings are correctly stated by the majority. I disagree in that it is my view that the evidence is sufficiently reliable to support the underlying determination. Respondent presented the Central Register of Child Abuse and Maltreatment report that was called in by one caseworker and the progress notes from the ensuing investigation, in which another caseworker separately interviewed the six children and other relevant parties regarding the reported maltreatment. It is significant that five of the six children corroborated the arm pulling incident with the six-year-old girl, and three of the children corroborated the head slap incident involving her nine-year-old brother. That the six-year-old denied any mistreatment when examined by a physician at the behest of petitioner Theresa WW. (hereinafter the foster mother) the day after the caseworker interviews does not diminish the corroborative statements of the other children. Nor is the absence of any actual physical injury dispositive (compare Matter of Peters v McCaffrey, 173 AD2d 934, 935 [1991]). Not to be overlooked is that petitioners each testified and denied using any corporal punishment on the children. In so doing, however, the foster mother attributed the allegations to a vindictive caseworker and, upon being informed by the Administrative Law Judge that the investigation was actually performed by another caseworker, the foster mother responded that that caseworker also fabricated the story. In an instance, as here, “where there are two conflicting accounts of events, it is not within this Court’s discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable” (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997]; see Matter of Kenneth VV. v Wing, 235 AD2d 1007, 1009-1010 [1997]; see also Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Given the caseworker’s detailed investigation, juxtaposed against the foster mother’s accusatory explanation, a reasoned basis exists for the Administrative Law Judge’s finding that neither petitioner was credible. In my view, the determination is supported by substantial evidence and should be confirmed and the petition dismissed (see Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1111-1112 [2014]).
Adjudged that the determination is annulled, without costs, and petition granted.